Islam v. Barr

BIA
Schoppert, IJ
A205 306 078

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand nineteen.

PRESENT:
BARRINGTON D. PARKER,
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

SAIFUL ISLAM,
        *Petitioner,*

v.                                             17-2377
                                               NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Salim Sheikh, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Linda S.
                         Wernery, Assistant Director;
                         Gregory M. Kelch, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Saiful Islam ("Islam"), a native and citizen of Bangladesh, seeks review of a July 10, 2017 decision of the BIA affirming a November 30, 2016 decision of an Immigration Judge ("IJ") denying Islam's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Saiful Islam,* No. A 205 306 078 (B.I.A. July 10, 2017), *aff'g* No. A 205 306 078 (Immig. Ct. N.Y. City Nov. 30, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

The governing REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Here, we conclude that substantial evidence supports the agency's adverse credibility determination.

As an initial matter, the agency did not err in relying on the credible fear interview when assessing credibility because the interview record "display[ed] the hallmarks of reliability." *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). Although Islam argues that any inconsistency was probably due to the coercive nature of the interview, the record does not reflect that he was reluctant to reveal

3

information. And his argument that the BIA failed to address the reliability of the interview record is belied by the BIA's statement agreeing with the IJ's conclusion that the interview notes were reliable. Accordingly, the agency reasonably relied on several inconsistencies between Islam's statements at the credible fear interview and his hearing testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

First, Islam's testimony and interview statements were inconsistent regarding whether Islam was arrested and harmed by the police in November 2011. The IJ was not required to credit Islam's explanation for the inconsistency that he thought the interviewer was asking about arrests on his way to the United States because the questions were not asked in the context of a discussion about Islam's journey to the United States; moreover, when asked to identify the next incident of harm after July 2011, Islam skipped over the alleged November 2011 arrest to a January 2012 incident. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled*

4

to credit his testimony." (internal quotation marks and citations omitted)).

Second, Islam's testimony that he went to police at the end of 2011 to file a complaint was inconsistent with the credible fear interview, where he stated that he did not report threats to the police. Although Islam argues that the interviewer asked only whether he reported a January 2012 threat to the police, as opposed to threats in 2011, the interviewer asked several questions about whether Islam contacted the police after threats in 2011 and 2012, as well as why he did not report the threats to the police.

Third, Islam gave materially different descriptions of his work for the Bangladesh Nationalist Party ("BNP"), stating at the interview that he merely attended events, but magnifying his role at the hearing by testifying that he was the organizing secretary and organized the events. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 180-81 (2d Cir. 2004)

Finally, Islam's documentary evidence further undermined his claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on

credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). Islam's testimony was inconsistent with his mother's affidavit regarding whether he was threatened while in Dhaka. Islam's statement about when he became an organizing secretary for the BNP was inconsistent with his original letter from the party. And Islam's testimony was inconsistent with a witness affidavit regarding whether the witness rescued him from an attack. Furthermore, the IJ reasonably gave these documents limited weight as the authors were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Given these multiple inconsistencies, substantial evidence supports the adverse credibility determination here. *See Xiu Xia Lin*, 534 F.3d at 167. Because Islam's claims were all based on the same factual predicate, the adverse

6

credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7